UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                                                               :

EDGAR MARINO SANCHEZ,                    :

                      *Petitioner*,                   :

  -v-                                       :            01 Cr. 74-2 (PAC)

UNITED STATES OF AMERICA,          :            18 Civ. 206 (PAC)

                    *Respondent*.              :

                                                      :            **MEMORANDUM & ORDER**

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* petitioner Edgar Sanchez ("Petitioner" or "Sanchez") moves pursuant to Federal Rule of Civil Procedure 60(b)(1) for reconsideration of the Court's "Opinion & Order," *Sanchez v. United States*, No. 01-CR-74-2 (PAC), 2018 WL 4308540 (S.D.N.Y. Sept. 10, 2018), Dkt. 424, on the grounds of mistake, inadvertence, surprise, or excusable neglect. Petitioner's motion raises the claim that the trial verdict was inconsistent. (*See* Motion, Dkt. 431.)[1] The Government opposes the motion (Dkt. 433), on the grounds that it is barred as a second or successive habeas petition under Section 2255 and should be subject to the habeas statutes rules regarding timeliness and successive petitions. *See* 28 U.S.C. § 2255(f), (h). The Government also argues the motion is meritless in any event.

The Court previously addressed the claim of an inconsistent verdict. *See Sanchez*, 2018 WL 4308540, at n.6. Petitioner's Rule 60(b) motion is denied.

---

[1] Cited docket entries correspond to the criminal docket in *United States v. Delvi*, No. 01 Cr. 74 (PAC).

## BACKGROUND

The Government presented evidence at trial of Sanchez's involvement in a narcotics distribution organization known as the "Hughes Boys," operating in the Bronx, New York. The Hughes Boys sold crack, powder cocaine, and heroin. The evidence also established that Sanchez shot and murdered a rival drug dealer. On July 7, 2003, after an eight-week trial, the jury convicted Sanchez of participating in a narcotics conspiracy, in violation of 21 U.S.C. § 846, murder while engaged in a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A), using and carrying a firearm in connection with a narcotics trafficking conspiracy, in violation of 18 U.S.C. § 924(c), and the use of a firearm in connection with a narcotics trafficking conspiracy resulting in the death of a person in violation of 18 U.S.C. § 924(c) and (j).[2]

On June 15, 2004, Judge Scheindlin sentenced Sanchez to 360 months of imprisonment to be followed by a mandatory consecutive ten-year term of imprisonment. (*See* Dkt. 226.) The Second Circuit affirmed Sanchez's conviction. *See United States v. Martinez*, 311 F. App'x 378 (2d Cir. 2008) (summary order). Sanchez did not petition for writ of certiorari.

Almost six years later on April 17, 2015, while Sanchez was in custody at the U.S. Penitentiary in Adelanto, California, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Eastern District of California. *See* Dkt. No. 1, *Sanchez v. Matevousian*, No. 15-cv-00599-LJO-SMS (E.D. Cal.). On January 4, 2016, the District Court adopted the findings and recommendations of a Magistrate Judge and dismissed the petition for lack of jurisdiction. *See Sanchez v. Matevousian*, No. 15-cv-00599-LJO-SMS (HC), 2016 WL 8999465, at *1–2 (E.D. Cal. Jan. 4, 2016). The Ninth Circuit affirmed. *See Sanchez v. Matevousian*, 677 F. App'x 451,

---

[2] The Government later moved to dismiss one of the Section 924(c) counts. (*See* Dkt. 226.)

451 (9th Cir. 2017) (mem.).

On January 9, 2018, Sanchez filed a habeas petition here in this Court seeking relief on the same grounds as his petition filed in the Eastern District of California. (Dkt. 419.) The petition asserted four claims: (1) actual innocence of the narcotics conspiracy counts because the defendant did not know that the conspiracy he took part in involved illegal drugs, (2) actual innocence on the murder while engaged in a continuing criminal enterprise count because the jury verdict was inconsistent and the jury failed to find the element of drug quantity to convict, (3) actual innocence on the Section 924(c) count because the defendant was not named as a defendant on that count as presented to the jury, and (4) ineffective assistance of counsel.

On September 10, 2018, this Court denied Sanchez's petition as untimely. *See Sanchez v. United States*, No. 01-CR-74-2 (PAC), 2018 WL 4308540, at *6 (S.D.N.Y. Sept. 10, 2018), Dkt 424. The Court declined to issue to a certificate of appealability. (*See id.*) Nevertheless, Sanchez filed an appeal, which the Second Circuit dismissed. *See Sanchez v. United States*, No. 18-3366, Dkt. 41 (2d Cir. Aug. 12, 2019).

On June 10, 2019, Sanchez filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(1) seeking reconsideration on the grounds of mistake, inadvertence, surprise, or excusable neglect. (Dkt. 431.) Petitioner's motion asserts that the Court failed to address petitioner's claim that the trial verdict was inconsistent because the jury failed to find the element of drug quantity to convict.

## **DISCUSSION**

"Rule 60 may not be used to challenge a movant's underlying conviction or sentence after that movant's habeas petition attacking the same conviction or sentence on the same basis has been denied." *Chen v. United States*, No. 03-CR-734-4 (DAB), 2016 WL 519617, at *4

(S.D.N.Y. Feb. 3, 2016) (citations and quotation marks omitted).  District Courts must analyze a Rule 60(b) motion challenging denial of a previous habeas petition to determine whether it is genuinely a Rule 60(b) motion or instead a successive habeas petition.[3]  A Rule 60(b) motion that does not itself seek habeas relief " 'should therefore be treated as any other motion under Rule 60(b)' for purposes of AEDPA, *provided that* the motion 'relates to the integrity of the federal habeas proceeding, not to the integrity of the ... criminal trial.' "  *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (citing *Rodriguez v. Mitchell,* 252 F.3d 191, 191 (2d Cir. 2001)).  A Rule 60(b) motion can properly attack "the integrity of the federal habeas proceeding" but *not* the underlying criminal conviction.  *Id.* at 77.

A Rule 60(b) motion that properly attacks the integrity of a previous habeas proceeding but that is found to be meritless should be denied.  *Id.* at 82.  On the other hand, a Rule 60(b) motion that improperly attacks the underlying conviction "presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' "  *Id.* (quoting *Gitten v. United States,* 311 F.3d 529, 534 (2d Cir. 2002)).

Petitioner's claims asserted in his Rule 60(b) motion are denied.  At the outset, even if

---

[3] Under the AEDPA, "[b]efore a second or successive application [for habeas corpus] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also id.* at § 2255(h).  Sanchez has already filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255, which was denied by this Court.  *See Sanchez*, 2018 WL 4308540, at *6, Dkt. 424.  The Second Circuit denied the petitioner's motion for a certificate of appealability from this Court's denial of the petitioner's § 2255 petition in August 2019.  *See Sanchez v. United States*, No. 18-3366, Dkt. 41 (2d Cir. Aug. 12, 2019).

Petitioner's claim could be properly construed as a Rule 60(b) motion from a procedural standpoint, it fails to warrant relief on the ground alleged by Petitioner: mistake, inadvertence, surprise, or excusable neglect. Petitioner argues that the Court failed to address Petitioner's claims of inconsistent verdicts raised in his Section 2255 petition. Petitioner did indeed assert this argument. To clarify the record for Petitioner, the Court addressed the claim that the jury produced inconsistent verdicts and failed to find the element of drug quantity required to convict Sanchez on Count Two (murder while engaging in a continuing criminal enterprise). *See Sanchez*, 2018 WL 4308540, at n.6. The Court held that Petitioner's motion was time-barred and that with respect to Petitioner's claim of inconsistent verdicts that he could not show actual innocence and failed to establish that he could not have effectively raised his claim at an earlier time. Specifically, with respect to Sanchez's claim that the verdict was inconsistent, the Court held that the alleged inconsistency and quantity of drugs would have been known to Sanchez at the time of trial and could have been raised at an earlier time. To the extent Petitioner attempts to attack his underlying conviction, the claim is denied as beyond the scope of a Rule 60(b) motion. Accordingly, Sanchez's motion is denied.

## CONCLUSION

For the reasons stated, the Rule 60(b) motion is denied. The Clerk of the Court is directed to terminate the motion at Docket 431 (01-cr-74).

Dated: New York, New York  
      May 1, 2020

SO ORDERED

*[signature]*

_____  
PAUL A. CROTTY  
United States District Judge