UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDGAR SANCHEZ,                          :
                                        :
                    *Movant*,           :          01 Cr. 74–2 (PAC)
                                        :          18 Civ. 206 (PAC)
                                        :
        - against -                     :          **<u>MEMORANDUM & ORDER</u>**
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                    *Respondent*.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     *Pro se* litigant Edgar Sanchez again moves under Federal Rule of Criminal Procedure 36 ("Rule 36") to correct a purported clerical error from his 2003 conviction for several offenses arising from his involvement in a narcotics conspiracy. *See* Mot. to Correct Clerical Errors 1, ECF No. 446 (the "Second Rule 36 Motion").[1] This is the second motion Sanchez has brought pursuant to Rule 36 in as many years. *See* ECF No. 444 (the "First Rule 36 Order"). The prior motion (the "First Rule 36 Motion," filed at ECF No. 435), which the Court denied on January 13, 2021, sought to correct a typo in a presentence motion for acquittal and to alter Sanchez's judgment accordingly. *See id.* at 4. By contrast, the instant Second Rule 36 Motion seeks dismissal of one of Sanchez's convictions based on a purportedly inconsistent jury verdict. *See* Second Rule 36 Motion 1.

     Sanchez also moves for a reduction in sentencing pursuant to Section 404 of the First Step Act of 2018. *See* First Step Act. Mot. 1, ECF No. 448 (the "FSA Motion"; together with the Second Rule 36 Motion, the "Motions").

     The Motions are **DENIED**.

---

[1] Cited docket entries correspond to the criminal docket in *United States v. Sanchez*, No. 01-CR-00074-PAC-2.

**BACKGROUND**

The Court assumes familiarity with the facts and history of this action, as detailed in its previous orders. *See* Order 2–3, ECF No. 437; *see also* First Rule 36 Order 1–2. Accordingly, it includes here only a brief summary.

On July 7, 2003, Sanchez was convicted of three offenses: conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (Count One);[2] intentional murder while engaged in a major narcotics conspiracy in violation of 21 U.S.C. § 848(e)(1)(A) (Count Two); and murder in the course of using and carrying a firearm in violation of 18 U.S.C. § 924(c) and (j) (Count Eighteen). *See* Judgment, ECF No. 226.

On June 15, 2004, Judge Scheindlin[3] sentenced Sanchez to 360 months' imprisonment to be followed by a mandatory consecutive ten-year term of imprisonment. *See* Judgment. The Second Circuit affirmed, *United States v. Martinez*, 311 F. App'x 378 (2d Cir. 2008) (summary order), and Sanchez did not petition the Supreme Court for a writ of certiorari. *See* First Rule 36 Order 2. Since 2015, Sanchez has pursued a series of collateral challenges in both the Second and Ninth Circuits, all of which have been unsuccessful. *See id.* These have included, *inter alia*, a § 2255 petition, which the Court denied as time-barred (*see* Mem. & Op., ECF No. 424), and the First Rule 36 Motion, which the Court also denied. Sanchez's motion to withdraw his subsequent appeal to the Second Circuit of the First Rule 36 Order was granted on August 11, 2021. *See* USCA Mandate, ECF No. 453.

Turning to the instant Motions, Sanchez filed the Second Rule 36 Motion on

---

[2] The relevant substantive offenses underlying this conspiracy offense are found at 21 U.S.C. § 841(b)(1). Sanchez was convicted under 21 U.S.C.§ 846; neither the judgment nor the sentencing transcript make any reference to § 841. *See* Judgment; Sent'g Tr., ECF No. 241.

[3] Upon Judge Scheindlin's retirement in 2016, the case was reassigned to this Court.

February 8, 2021 and the FSA Motion on April 21, 2021. *See* ECF Nos. 446, 448.[4] The

Government opposed both Motions in its letter filed on August 11, 2021. *See* Gov't

Letter, ECF No. 452.[5]

## DISCUSSION

I. **Rule 36 Motion**

   a. **Legal Standards**

A court must construe a *pro se* litigant's submissions liberally, interpreting them to

raise the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

471, 474 (2d Cir. 2006). At the same time, it may neither "read into *pro se* submissions

claims that are not consistent with the *pro se* litigant's allegations," nor entertain "frivolous

or vexatious filings by *pro se* litigants." *Id.* at 477 (cleaned up).

Rule 36 provides that a "court may at any time correct a clerical error in a judgment,

order, or other part of the record . . . ." Fed. R. Crim. P. 36. "[A] clerical error must not be

one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk

or amanuensis might commit, mechanical in nature." *United States v. Werber*, 51 F.3d 342,

347 (2d Cir. 1995) (internal quotation marks and citations omitted). Accordingly, "Rule 36

is not a vehicle for the correction of errors made by the court itself." *Id.* at 347 (internal

quotation marks and citations omitted); *see also Marmolejos v. United States*, 789 F.3d 66,

71 (2d Cir. 2015) ("[Rule 36] does not authorize substantive alteration of a final judgment.")

(internal quotation marks and citations omitted). Such relief is properly sought by way of a

---

[4] Sanchez supplemented both of his initial filings at, respectively, ECF Nos. 450 and 451. The Court accepts these *pro se* filings, each of which were filed weeks prior to the Government's August 11, 2021 response, as incorporated into the respective underlying Motions.

[5] The Government had previously opposed the Second Rule 36 Motion in its letter at ECF No. 447 on the grounds that Sanchez's now-withdrawn appeal was still pending at the time.

habeas petition under 28 U.S.C. § 2255. *See United States v. Hotton*, No. 12-CR-825 (JGK),

2017 WL 6414055, at *1 (S.D.N.Y. Dec. 5, 2017).

When presented with such a misstyled motion, the Court has a few options. Where it

has already dismissed the movant's prior § 2255 petition on the merits, it may treat the Rule

36 motion as a successive § 2255 petition,[6] *see United States v. DeMartino*, 112 F.3d 75, 81

(2d Cir. 1997), or it may dismiss the motion for lack of jurisdiction if relief under § 2255 is

unavailable. *See* Gordon Mehler et al., *Federal Criminal Practice: A Second Circuit*

*Handbook* § 22–12 (20th ed. 2020) (citing *Adams v. United States*, 372 F.3d 132, 136 (2d

Cir. 2004)). A § 2255 petition that is dismissed as time-barred "constitutes an adjudication

on the merits for successive purposes." *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir.

2003).

### b. Application

Even construed liberally, Sanchez's Second Rule 36 Motion is without merit. Sanchez

argues that the Court "erred by not dismissing" his murder charge because the jury's verdicts as

to Sanchez were fatally inconsistent. Second Rule 36 Motion 1. At the time, a conviction for

murder while engaged in a continuing criminal enterprise in violation of 21 U.S.C. §

848(e)(1)(A) required in relevant part, as Judge Scheindlin instructed the jury, a finding that a

defendant was engaged in a "narcotics conspiracy [that] involved at least 50 grams of crack

cocaine." Trial Tr. 4376. The jury found Sanchez guilty of this offense, even as the following

exchange appears in the trial transcript:

> DEPUTY CLERK: What quantity of crack was within the scope of criminal activity
> jointly undertaken by the defendant and reasonably foreseeable to him? Delvi?

---

[6] Before a district court may consider a successive § 2255 petition, the appropriate court of appeals must certify that the successive petition contains either newly-discovered evidence or a new, retroactive rule of constitutional law. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

THE FOREPERSON: 50 grams or more.

DEPUTY CLERK: Sanchez?

THE FOREPERSON: At least five grams but less than 50 grams.

DEPUTY CLERK: Cordero?

THE FOREPERSON: 50 grams or more.

*Id.* at 4507.[7]

Although Sanchez is correct that the instant motion is not merely a repackaging of the First Rule 36 Motion, there remains no clerical error for the Court to correct. As the Court held in its First Rule 36 Order, the crux of Sanchez's claim—that Judge Scheindlin made *substantive* legal errors surrounding Sanchez's conviction and sentencing—goes beyond the limited scope of Rule 36. *See* First Rule 36 Order 5. Even if Sanchez's claim were valid, the error would not be clerical; rather, it would constitute a substantive misapplication of the relevant criminal statutes. *See Marmolejos*, 789 F.3d at 71 (contrasting the "nonsubstantive" clerical mistakes that are actionable under Rule 36 from unactionable judicial errors and oversights in applying the law).

While a court may recast such a misstyled Rule 36 motion as a § 2255 petition, it need not do so where, as here, habeas relief is plainly unavailable. As the Court noted in its original habeas opinion, Sanchez's claim is time-barred. *See* Mem. & Op. 6, 11 & n. 5–6. It derives from a purportedly inconsistent verdict that would have been apparent to Sanchez—and therefore could have been timely challenged—at the time of his 2003 conviction. *See id.* at 11 n. 5. Accordingly, as before, the instant motion would at best constitute a successive § 2255 petition to Sanchez's prior time-barred § 2255 petition, and would again be time-barred.

---

[7] The jury also found Sanchez responsible for an amount of powder cocaine totaling less than 500 grams and an amount of heroin totaling less than 100 grams. Trial Tr. 4507–08.

5

Therefore, the Court again denies Sanchez's latest bid for relief under Rule 36.

## II.    FSA Motion

### a.  Legal Standards

The more liberal standards for *pro se* filings set forth above apply in equal force to Sanchez's First Step Act claims.

In 2018, Congress enacted the First Step Act, which gave district courts the discretion to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *United States v. Echeverry*, 978 F.3d 857, 859 (2d Cir. 2020) (quoting First Step Act of 2018 § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018)).  Passed in 2010, Section 2 of the Fair Sentencing Act "increased from 50 to 280 grams the amount of crack cocaine necessary to trigger the statutory penalty range" applicable to offenses under 21 U.S.C. § 841. *United States v. Davis*, 961 F.3d 181, 183 (2d Cir. 2020) ("[T]he Fair Sentencing Act was not retroactive to defendants who . . . had been sentenced before its passage [until] the First Step Act of 2018."); *see also United States v. Guerrero*, 813 F.3d 462, 464 (2d Cir. 2016) ("[The Fair Sentencing Act was] designed to help reduce sentencing disparities between powder cocaine and crack cocaine offenses.").

The First Step Act allows courts the discretion to reduce sentences "*only if they were* imposed for violations of a 'covered offense.'" *United States v. Fletcher*, 997 F.3d 95, 87 (2d Cir. 2021) (internal quotation marks and citations omitted; emphasis added).  Even for "covered offenses," sentence reductions are discretionary, not required. *See United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) ("The First Step Act is clear that it does not 'require a court to reduce any sentence.'") (quoting First Step Act § 404(c)); *see also*

6

*Stewart*, 2021 WL 2635818, at *3 ("The Court . . . still retains the discretion to reduce the sentence."). A narcotics conspiracy conviction under 21 U.S.C. § 846 is a "covered offense" under Section 404 of the First Step Act. *United States v. Stewart*, No. 02-CR-1435 (LAP), 2021 WL 2635818, at *3 (S.D.N.Y. June 25, 2021). By contrast, murder while engaging in such a drug trafficking conspiracy is *not*—even as the underlying § 846 conspiracy offense is itself "covered." *Fletcher*, 997 F.3d at 97.[8]

### b. Application

Construing Sanchez's well-researched *pro se* FSA Motion liberally, the Court again cannot grant the relief he seeks. Although by virtue of his "covered" § 846 conviction, Sanchez "is plainly *eligible* for relief, he is not necessarily *entitled*" to it. *See Holloway*, 956 F.3d at 666 (emphasis in original).

Sanchez relies upon two meritless positions. *First*, he argues that, under the First Step Act, this Court may reduce his sentence for the § 846 narcotics conspiracy conviction. *See* FSA Motion 2–4. This is an accurate recitation of the law, but nonetheless inapposite here.

Importantly, in Sanchez's case, it was *not* the ("covered") § 846 narcotics conspiracy, but rather the (un-"covered") § 848(e) intentional murder conviction that formed the foundation for his sentence. Judge Scheindlin noted at sentencing that "[b]ecause the murder, which was part of the narcotics conspiracy, was first degree murder, Section 2A1.1 requires a guideline of 43." Sentencing Tr. 5. Today, § 2A1.1 still sets forth an offense level of 43 for such crimes. *See* U.S.S.G. § 2A1.1. Judge Scheindlin then calculated thirteen criminal history points, which at the time—as it would today—placed Sanchez in Criminal History Category VI. *See* Sentencing Tr.

---

[8] Nor is a conviction under 18 U.S.C. § 924. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018); Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2–3, 124 Stat. 2372 (2010); *see also Stewart*, 2021 WL 2635818, at *1.

6; U.S.S.G. § 5A.  Based on an offense level of 41[9] and Sanchez's Criminal History Category VI, Judge Scheindlin imposed a 360-month term of imprisonment, the lower bound of a guidelines range spanning from 360 months to life imprisonment.[10]  *See* Sentencing Tr. 7–8. Thus, because the "covered" § 846 conviction was "an irrelevant component of [the defendant's] sentence" imposed in light of his separate murder convictions, the First Step Act offers Sanchez no grounds for relief in this instance.  *See Stewart*, 2021 WL 2635818, at *4.

*Second*, Sanchez insists, based on the purportedly inconsistent jury verdict discussed *supra*, that he was "informally acquitted" of the § 848(e) intentional murder count, and that the Court should therefore disregard § 2A1.1 and re-tailor a sentence reflecting only the other convicted counts, the updated sentencing guidance under the First Step Act, his largely commendable post-conviction conduct, and other sympathetic factors relevant to sentencing under 18 U.S.C. § 3553(a).[11]  *See* FSA Motion 6–14; Mot. to Supplement First Step Act. Mot. 2–9, ECF No. 451 (the "Supplemental FSA Motion").

This claim, although creative, is entirely without legal foundation.[12]  As the Court held above, Sanchez's § 848(e) conviction remains in effect.  And to the extent Sanchez's *pro se* submissions can be construed to suggest that, because the First Step Act limited the scope of narcotics conspiracy that can now unlock § 848(e) liability, Sanchez's dependent murder

---

[9] The Court recognized a two-level reduction for Sanchez's acceptance of responsibility.  *See* Sentencing Tr. 8.  As Judge Scheindlin observed (and as would still be the case today), without that two-level reduction, Sanchez's guidelines range for an offense level of 43 would simply have been life imprisonment.  *See id.*; U.S.S.G. § 5A.

[10] Judge Scheindlin also imposed a mandatory consecutive term of ten years for Sanchez's conviction under 18 U.S.C. § 924 for murder in the course of using and carrying a firearm.  *See* Sentencing Tr. 7–8.

[11] The Court notes that many of Sanchez's arguments may be relevant in the compassionate release context under 18 U.S.C. § 3582(c)(1)(A).  Nonetheless, although the Court is compelled to interpret these *pro se* filings as raising "the strongest arguments that they suggest," *Triestman* 470 F.3d at 474, the standards for compassionate relief are so different from those governing the instant Motions that the Motions cannot be stretched to include a bid for compassionate relief.

[12] To the extent Sanchez's "informal acquittal" assertions rely on Rule 36 (*see* Supplemental FSA Motion 2–3), the Court has already dismissed such claims *supra*.

conviction must now be vacated, his argument has been "expressly rejected by the Court of Appeals twice." *Stewart*, 2021 WL 2635818, at *4 (citing *Fletcher*, 997 F.3d at 98; *United States v. Guerrero*, 813 F.3d 462, 465 (2d Cir. 2016) ("The crime is complete at the time of the murder . . . and it is as of that time that the statute's drug trafficking element is measured.")).

**CONCLUSION**

For the foregoing reasons, Sanchez's Motions are **DENIED**.  The Clerk of Court is directed to terminate the Motions at ECF Nos. 446, 448, 450, and 451.

Dated: New York, New York                    SO ORDERED
      November 10, 2021

                                                 HONORABLE PAUL A. CROTTY
                                                 United States District Judge